IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHON J. BROWN,
    Plaintiff,

vs.                                                Case No.: 3:12cv110/MCR/EMT

STATE OF FLORIDA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's "Petition for Writ of Mandamus" (doc. 1). Upon review of Plaintiff's submission, the undersigned concludes that this court lacks subject matter jurisdiction, and that dismissal of this case is warranted.

## BACKGROUND and ANALYSIS

        Plaintiff brought this civil action against the "State of Florida" seeking a writ of mandamus to compel the Florida Department of Corrections ("DOC") to expunge, erase and delete a disciplinary report in his DOC file, grant him either a "fair hearing" or release into the general prison population, and restore 110 days of lost gain time (doc. 1 at 3). The bases for his request is his belief that the DOC failed to follow its own rules and procedures in conducting the disciplinary hearing against him, which violated his right to due process, and his disagreement with the outcome of these proceedings (*id.* at 2–4).

        Plaintiff asserts that this court has jurisdiction to issue the requested writ under Article V, Section 4(b) of the Florida Constitution and Rule 9.100 of the Florida Rules of Appellate Procedure (doc. 1 at 1). These provisions of state law do not afford this federal court with jurisdiction over Plaintiff's claim. Nor is federal mandamus available to him. Federal mandamus is a tool used only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see also* Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir.

2007).  Although federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651, a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973);[1] Bailey, 226 F. App'x at 924.  In the present case, the only Defendant named in Plaintiff's complaint is not an officer or employee of the United States or any agency thereof, and therefore this Court does not have jurisdiction to grant the only relief Plaintiff requests.  *See id.*[2]

Accordingly it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of jurisdiction, and the clerk be directed to close the file.

At Pensacola, Florida this 5th day of November 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

[2] In addition, this case could not be recharacterized as a petition for writ of habeas corpus because it is clear that Plaintiff has not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A).  *See* Medberry v. Crosby, 351 F. 3d 1049, 1054 (11th Cir. 2003) (state prisoner may file habeas corpus petition to challenge the loss of gain time as a result of state prison disciplinary proceedings under 28 U.S.C. § 2241, subject to the restrictions of 28 U.S.C. § 2254); *see also* Tedesco v. Secretary for Dept. of Corrections, 190 F. App'x 752 (11th Cir. 2006).  Similarly, any action for damages based on the allegedly improper proceedings would be premature.  Heck v. Humphrey, 512 U.S. 477 (1994).